# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-1481V**

TINA JACKSON,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 24, 2026

*Isaiah Richard Kalinowski, Bosson Legal Group, Fairfax, VA, for Petitioner.*

*Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING CLAIM[1]

On October 11, 2022, Tina Jackson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an October 11, 2019 influenza vaccine. Petition at ¶¶ 3, 5, 25. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 22, 2026, Petitioner moved for the voluntary dismissal of this case, pursuant to Vaccine Rule 21(b). Vaccine Rule 21(b) provides for dismissal of a petition or any claim therein at the request of Petitioner, on terms that the special master considers proper, by issuance of a decision pursuant to Section 12(d)(3).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). On June 15, 2026, I issued a findings of fact and conclusions of law dismissing Petitioner's Table claim and ordering Petitioner to show cause why her causation-in-fact claim should not also be dismissed. ECF No. 36 at 11-12. I expressed skepticism that Petitioner would be able to prove a causation-in-fact claim, given the record situs deficiency and the lengthy delay between the vaccination and Petitioner's first report of right shoulder pain. *Id.*

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner experienced a SIRVA.

**For these reasons, in accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.